Cesar Gavidia, Esq.
CA Bar No.: 243992
Attorneys Dell & Schaefer, Chtd.
2404 Hollywood Blvd.
Hollywood, Florida 33020
Telephone: (954) 620-8300
Facsimile: (800) 380-6151
cesar@diattorney.com

Attorney for Plaintiff,
VICTORIA MANDY-HEATH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MANDY-HEATH,<br><br>Plaintiff,<br><br>vs.<br><br>STANDARD INSURANCE COMPANY,<br><br>Defendant | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br><br>(1) BREACH OF CONTRACT<br><br>(2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>DEMAND FOR JURY TRIAL |

The Plaintiff, Victoria Mandy-Heath, ("Mandy-Heath") by and through her undersigned attorneys, sues the Defendant, Standard Insurance Company, ("Standard") and alleges as follows:

**PARTIES AND JURISDICTION**

1.  At all times material hereto, Mandy-Heath, was in all respects a citizen of the State of California.

2.  Defendant, Standard, is a corporation that is incorporated under the laws of the State of Oregon. Defendant has its principal place of business in the State of Oregon. Defendant is authorized to do and is doing business in Butte County, California.

3.  The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a) (1) because the

1

Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 (a), in as much as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

5. These are actions for breach of contract and breach of the covenant of good faith and fair dealing arising out of a long-term disability insurance policy, which was issued by Standard to the California State Firefighters' Welfare Benefits Corporation.

6. On or about January 1, 2011, Standard, issued to Mandy-Heath a Certificate and Summary Plan Description for Group Long-term Disability Insurance Policy # 648353-A (the "Policy"), which provides benefits in the event of a "Disability". A copy the Policy is attached hereto as Exhibit "A".

7. The Policy was issued and delivered to Mandy-Heath in the State of California.

8. The Policy defines "Disability" as:

A. Own Occupation Definition Of Disability

During the Benefit Waiting Period and the Own Occupation Period you are required to be Totally Disabled from your Own Occupation or Partially Disabled from your Own Occupation.

1. Total Disability Definition: You are Totally Disabled from your Own Occupation if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Substantial And Material Acts necessary to pursue your Own Occupation and you are not working in your Own Occupation.

2. Partial Disability Definition: You are Partially Disabled from your Own Occupation if you are not Totally Disabled and you are actually working in your Own Occupation but, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to earn 80% or more of your Indexed Predisability Earnings.

Note: You are not Disabled from your Own Occupation merely because your right to perform your Own Occupation is restricted, including a restriction or loss of license. The loss of a professional license, occupational license, or certification does not, in itself, constitute Disability.

During the Own Occupation Period you may work in another occupation while you meet the Own Occupation definition of Disability. However, your Work Earnings may be Deductible Income and LTD Benefits will end when your Work Earnings meet or exceed 80% of your Indexed Predisability Earnings. See **Return To Work Provisions**, **Deductible Income**, and **When LTD Benefits End**.

B. Any Occupation Definition Of Disability

During the Any Occupation Period you are required to be Totally Disabled from all occupations or Partially Disabled.

1. Total Disability Definition: You are Totally Disabled from all occupations if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to engage with reasonable continuity in Any Occupation.

2. Partial Disability Definition: You are Partially Disabled if you are not Totally Disabled and you are actually working in an occupation but, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to engage with reasonable continuity in that occupation or Any Occupation.

Any Occupation means all occupations or employment which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity that exists within any of the following locations: (i) a reasonable distance or travel time from your residence in light of the commuting practices of your community; or (ii) a distance or travel time equivalent to the distance or travel time you traveled to work before becoming Disabled; or (iii) the regional labor market, if you reside or resided prior to becoming Disabled in a metropolitan area.

Your Any Occupation Period is shown in the **Coverage Features**.

9. At all times material hereto and since on or about January 3, 2011, Mandy-Heath has been disabled, as defined by the Policy.

10. On or about January 14, 2011, Mandy-Heath notified Standard that as a result of a physical disease or injury she was unable to engage in her own occupation.

11. On or about June 11, 2011, Standard informed Mandy-Heath that it had approved her claim for long-term disability benefits and requested that Mandy-Heath pursue social security disability benefits.

12. Standard receives the financial benefit of reducing Mandy-Heath's monthly disability benefit by social security disability benefits received for her "Disability" as defined under the Policy.

13. By letter dated July 16, 2013, Standard informed Mandy-Heath of the following:

> We have completed our review of your medical documentation and determined that your Disability has been caused or contributed to a Musculoskeletal and Connective Tissue Disorder. Because you have exhausted the 24-month Limitation for a Disability subject to Limitation, your LTD claim must close as of the date of this letter.

14. The Musculoskeletal and Connective Tissue Disorder Limitation provision of the Policy states, in pertinent part, the following:

3

E. Musculoskeletal And Connective Tissue Disorder

Payment of LTD Benefits is limited to 24 months for each period of continuous Disability caused or contributed to by musculoskeletal or connective tissue disorders including, but not limited to:

1. Any disease or disorder of the cervical, thoracic, or lumbosacral back and its surrounding soft tissue.
2. Sprains or strains of joints or muscles.
3. Carpal tunnel or repetitive motion syndrome.
4. Fibromyalgia.
5. Temporomandibular joint or craniomandibular joint disorder.
6. Myofascial pain.
7. Arthritis.

This limitation will not apply to:

a. Herniated discs with neurological abnormalities that are documented by electromyogram, and computerized tomography or magnetic resonance imaging.

15. Standard, in breach of the contractual terms of the policy, and in violation of the duty of good faith and fair dealing blatantly disregarded, amongst other things: Magnetic Resonance Imaging (MRI), which documented degenerative disc changes and disc herniations at Mandy-Heath's L2-L3, L3-L4 and L4-L5; results from an Independent Medical Examination conducted by a worker's compensation physician which evidenced disc protrusion at L3-L4, degenerative disc disease at L2-L3, L3-L4, and L4-L5, severe lumbar spondylosis at L4-L5, including facet arthropathy.

16. In addition, Standard was provided but ignored electromyography (EMG) testing which provided the following objective evidence that Mandy-Heath's disability claim was not limited by the Musculoskeletal and Connective Tissue Disorder Limitation provision of the Policy, and remained disabled and entitled to continued benefits:

EMG IMPRESSION:
Evidence of chronic denervation-reinnervation in L5 limb myotomes, and possible muscle membrane instability in lumbar paraspinals versus residual of recent instrumentation of the lumbar spine.

ELECTRODIAGNOSTIC CONCLUSION:
1. EVIDENCE OF CHRONIC RIGHT L5 RADICULOPATHY BASED UPON ABNORMALITIES ON NEEDLE EXAMINATION OF THE LOWER EXTREMITY.
2. POSSIBLE COMPONENT OF ACTIVE LUMBAR RADICULOPATHY VERSUS RESIDUAL OF RECENT INSTRUMENTATION OF THE LUMBAR SPINE PRODUCING ABNORMALITIES ON NEEDLE EXAMINATION OF THE LUMBAR PARASPINALS.

17. Standard has refused to pay any benefits due under the Policy since February 2013, and

4

has been in breach of contract since that time.

18. Mandy-Heath has been forced to retain the services of the undersigned attorneys and is obligated to pay a reasonable attorney fee.

### COUNT I – BREACH OF CONTRACT

19. Plaintiff, Mandy-Heath, hereby adopts, realleges and reaffirms each and every allegation contained in Paragraphs 1 through 18 of this Complaint as though fully alleged herein, and further alleges:

20. The failure and refusal of Standard to pay Mandy-Heath's claim for long-term disability benefits constitutes a breach of the Defendant's contractual obligations under the Policy.

21. At all times material hereto, Mandy-Heath, has complied with all conditions precedent to entitle her to benefits under the Policy, however, since February 2013, Standard has refused and continues to refuse to pay monthly long-term disability benefits.

22. At all times material hereto, the Policy has remained in full force and effect.

23. Standard's improper denial and delay in payments has caused damage to Mandy-Heath. As a direct and proximate result of Standard's breach of the Policy, Mandy-Heath has suffered contractual damages under the terms and conditions of the Policy in an amount in excess of $75,000, the precise amount of which shall be known shown at the time of trial. As a further direct and proximate result of the denial of benefits and wrongful conduct of the Defendant, Mandy-Heath has suffered and will continue to suffer damages. Contractual damages also include interest and other incidental damages and out-of-pocket expenses, all in a further sum to be determined according to proof at the time of trial.

### COUNT II

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

24. Plaintiff, Mandy-Heath, hereby adopts, realleges and reaffirms each and every allegation

5

contained in Paragraphs 1 through 23 of this Complaint as though fully alleged herein, and further alleges:

25. Standard breached the duty of good faith and fair dealing owed to Mandy-Heath in the following aspects:

    a. Unreasonable and bad faith delay in paying the insurance proceeds of the Policy at a time when Standard knew Mandy-Heath was entitled to said benefits under the Policy, and knew of the devastating consequences to Mandy-Heath resulting from its failure to pay;

    b. Unreasonable and bad faith failure to pay the insurance proceeds of the Policy at a time when Standard knew of the devastating consequences to Mandy-Heath resulting from its failure to pay;

    c. Unreasonable withholding of payments from Mandy-Heath in bad faith, knowing Mandy-Heath's claim for benefits under the Policy to be valid for the reasons set forth above;

    d. Unreasonable and bad faith interpretation of the terms and provisions of the Policy designed to delay the administration of Mandy-Heath's claim and to try and justify the denial of benefits;

    e. Conducting a dilatory, unreasonable and unduly burdensome investigation, designed to confuse, burden and wear out its claimant and those assisting her in her application for benefits, all with the knowledge of the devastating consequences to be suffered by Mandy-Heath as a result of its conduct;

    f. Failing and refusing to otherwise investigate and review the claim in a timely, fair and objective fashion;

g. Mandy-Heath is informed and believes and thereon alleges that Standard has breached its duty of good faith and fair dealing owed to her by other acts or omissions of which Mandy-Heath is presently unaware. Mandy-Heath will seek leave of Court to amend or supplement this Complaint at such time as she discovers the other acts or omissions of Standard constituting such breach.

26. As a proximate result of the aforementioned wrongful conduct by Standard, Mandy-Heath has suffered, and will continue to suffer in the future, damages under the Policy plus interest, for a total amount to be shown at the time of trial.

27. As a further proximate result of the aforementioned wrongful conduct committed by Standard, Mandy-Heath has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Mandy-Heath's general damages in a sum to be determined at the time of trial.

28. As a further proximate result of the aforementioned wrongful conduct committed by Standard, Mandy-Heath was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Standard is liable to Mandy-Heath for those attorneys' fees reasonably necessary and incurred by Mandy-Heath to obtain the Policy benefits in a sum to be determined at the time of trial.

29. The conduct of Standard described herein was intended to cause injury to Mandy-Heath and was despicable conduct carried on by Standard with a willful and conscious disregard of Mandy-Heath's rights; subjected her to cruel and unjust hardship in conscious disregard to her rights, and was an intentional misrepresentation, deceit, or concealment of material facts known to Standard with the intention to deprive Mandy-Heath of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Mandy-Heath to punitive damages in an amount appropriate to punish or set an example of Standard.

7

30. Defendant's conduct in wrongfully terminating and denying benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance of assets essential to her health and welfare. Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and as a consequence of Defendant's wrongful actions described herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to Section 3294 of the California Civil Code.

WHEREFORE, Plaintiff, Victoria Mandy-Heath, prays for judgment against Standard as follows:

1. Damages for failure to provide benefits under the Policy, in an amount in excess of $75,000, plus prejudgment interest, all to be determined at the time of trial;

2. General damages, including for mental and emotional distress, and other incidental damages to be proven at time of trial;

3. Punitive and exemplary damages in an amount in excess of $5,000,000 to be proven at time of trial;

4. For attorneys' fees reasonably incurred to obtain the Policy benefits in a sum to be determined at the time of trial;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper.

DATED: June 30, 2014

ATTORNEYS DELL & SCHAEFER, CHARTERED

CESAR GAVIDIA
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.